UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHWESTERN DIVISION



DONNIA SALTER,

    Plaintiff,

vs.     CASE NO.: CV-01-J-1289-NW

LIFE INSURANCE COMPANY OF
NORTH AMERICA, d/b/a CIGNA,

    Defendant.



MAY 3 1 2001

## MEMORANDUM OPINION

    This cause comes before this court on the plaintiff's motion to remand, or in the alternative leave to amend (doc. 6). This case was originally filed in the Circuit Court of Lauderdale County, Alabama, alleging solely bad faith. The defendants removed the case to this court claiming the plaintiff seeks to recover benefits under an employer-sponsored group disability, thus causing the plaintiff's claim to be preempted by ERISA. Notice of Removal (doc. 1) at ¶¶ 3, 6, 7, 9. The plaintiff has filed a motion to remand stating that the plaintiff's cause of action for bad faith refusal to pay is exempt from preemption under the "savings clause." Motion to remand (doc. 6) at ¶ 5. Alternatively, the plaintiff requests leave to state a cause of action under ERISA. Also pending before the court is defendant's motion to strike plaintiff's state law claims (sic), claims for extracontractual damages and plaintiff's demand for jury trial pursuant to ERISA (doc. 3).

1



**FACTUAL BACKGROUND**

The plaintiff was an employee of HealthSouth Corporation, which offered its employees a Long Term Disability Plan ("the Plan") administered by defendant CIGNA. Complaint at ¶ 1. The plaintiff has participated in the Plan since November 4, 1994. Id. The plaintiff suffered complications from the birth of a child in February, 1997 which prevented her from working as a nurse, or from other employment for which she may have been qualified. Id at ¶ 2. The plaintiff attempted to return to work in September 1997 but was unable to perform her job duties due to her medical condition and ceased working in December, 1997. Id.

The plaintiff asserts that she was automatically enrolled in the Plan after six months employment. Complaint at ¶ 3. *See also* Exhibit B to Notice of Removal (Group Policy) at 1-4. To receive benefits, an employee must be totally disabled for six continuous months. Complaint at ¶¶ 3-4; Group Policy at 6. The plaintiff filed a claim for these benefits with defendants, which was denied on June 2, 1999 on the grounds she did not meet the definition of "disability" and that she did not meet the 180 day requirement. Complaint at ¶ 6. The plaintiff appealed the denial to defendant, which again denied her claim on October 28, 1999. Id at ¶ 7. The plaintiff alleged that these denials were in bad faith. Id. at ¶ 8.

**LEGAL ANALYSIS**

The defendant argues that the plaintiff's state law claim for bad faith is preempted by the Employee Retirement Income Security Act of 1974 (ERISA), therefore vesting

2

jurisdiction in this court and requiring the plaintiff's bad faith claim to be dismissed. The plaintiff argues her state law claim for bad faith refusal to pay benefits is not preempted due to ERISA's savings clause found in 29 U.S.C. §1144 (b)(2)(A).

ERISA preempts state laws "insofar as they may . . . relate to any covered employee benefit plan." 29 U.S.C. §1144(a). An "employment benefit plan" is "(1) a plan, fund or program (2) established or maintained (3) by an employer . . . (4) for the purpose of providing . . . benefits . . . (5) to participants or their beneficiaries." *Donovan v. Dillingham*, 688 F.2d 1367, 1371 (11th Cir. 1982).

Plaintiff does not dispute that the plan at issue is an ERISA plan. She argues instead that her sole claim is for bad faith refusal to pay under the plan, which is not preempted by ERISA, relying on this court's opinion in *Gilbert v. Alta Health and Life Insurance Company*, 122 F.Supp.2d 1267 (N.D.Ala. 2000) and the Honorable William Acker's opinion in *Hill v. Blue Cross Blue Shield of Alabama*, 117 F.Supp.2d 1209 (N.D.Ala.2000). Both of these cases are decided based on the ERISA savings clause found in 29 U.S.C. §1144 (b)(2)(A). According to 29 U.S.C. §1144 (b)(2)(A): "[N]othing in this sub-chapter shall be construed to exempt or relieve any person from any law of any State which regulates insurance ...." This court has previously determined that Alabama's tort of bad faith refusal to pay benefits, codified in Ala. Code §27-12-24, is a law "which regulates insurance." *See Gilbert*, 122 F.Supp.2d at 1272; citing *Unum Life Insurance Company v. Ward*, 526 U.S. 358, 119 S.Ct. 1380 (1999).

3

In *Unum Life Insurance Company v. Ward,* 526 U.S. 358, 119 S.Ct. 1380 (1999), the Supreme Court continued to recognize ERISA's savings clause. Following *Ward,* other courts have found that a state bad faith cause of action is exempt from ERISA preemption if limited to the insurance industry. *Hill v. Blue Cross Blue Shield of Alabama,* 117 F.Supp.2d at 1211-12; *Lewis v. Aetna U.S. Healthcare,* 78 F.Supp.2d 1202 (N.D.Okla. 1999). This is a logical result[1] due to the *Ward* Court indicating that such laws fall within the ERISA savings clause:

> We discussed this issue in *Pilot Life Ins. Co. v. Dedeaux,* 481 U.S. 41, 107 S.Ct. 1549, 95 L.Ed.2d 39 (1987). That case concerned Mississippi common law creating a cause of action for bad faith breach of contract, law not specifically directed to the insurance industry and therefore not saved from ERISA preemption.

119 S.Ct. at 1390 n.7. This court finds that the Alabama cause of action for bad faith refusal to pay benefits falls within the ERISA savings clause and is not preempted by ERISA.

## CONCLUSION

The court thus finding that the plaintiff's complaint states solely a state law cause of action, not preempted by ERISA, it is therefore **ORDERED** by the court that the defendant's motion to strike (doc. 3) be and hereby is **DENIED.** The plaintiff's motion to remand (doc 6) be and here by is **GRANTED** and this case is **REMANDED** to the Circuit Court for

---

[1] The Court anticipated this result. "We recognize that applying the States' varying insurance regulations creates disuniformities for 'national plans that enter into local markets to purchase insurance.' . . . As we have observed, however, '[s]uch disuniformities . . . are the inevitable result of the congressional decision to 'save' local insurance regulation.'" *Ward,* 119 S.Ct. at 1390 n.6 (internal citations omitted).

Lauderdale County. In light of the foregoing rulings, the plaintiff's motion to amend is found to be **MOOT**.

**DONE** and **ORDERED** this the 31 day of May, 2001.

                                              INGE P. JOHNSON
                                              UNITED STATES DISTRICT JUDGE